Decided at PENDLETON, July 20, 1895.

## DRAY v. BLOCH.

[41 Pac. 660.]

EXECUTORS AND ADMINISTRATORS — ACCOUNTING.—An administrator having sold land and received part of the pay therefor, which he misappropriated, and the sale having been confirmed, the administrator *de bonis non* can be held liable only for the balance of the price which he received.

APPEAL from Union: JAMES A. FEE, Judge.

This controversy has arisen in the course of the settlement of the estate of A. Dray, deceased. The facts are that the defendant, M. S. Bloch, having been by the County Court of Union County appointed administrator *de bonis non* of the said estate, filed his final account, to which the plaintiff, Henry Dray, an heir of the deceased, and D. Marx, a creditor of the estate, made objections, and the issue thus joined was referred to J. W. Knowles, Esq., to take the evidence and report his findings of fact and law therefrom; and, having found for the defendant, he so reported to the county court, which affirmed the report, and made an order approving the account of the administrator, from which order the plaintiffs appealed to the circuit court, which rendered a decree affirming the order of the county court, from which decree the plaintiffs appeal to this court.          AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Charles H. Finn.*

For respondent there was an oral argument by *Mr. J. Baker.*

PER CURIAM. The principal objection to the defendant's account grows out of the sale of land belonging to the estate by J. W. Dray, the former administrator, to one C. M. Cartwright for six thousand dollars, upon which the purchaser paid six hundred and ninety-six dollars and thirty-five cents to said J. W. Dray. The latter having been removed and the defendant appointed in his stead, the county court made an order that the sale should be confirmed upon the payment to the defendant of six thousand dollars within thirty days, and to be set aside if not so paid. The other objections relate to the

payment of various amounts by the defendant and expenses incurred in the administration; the defendant's failure to collect certain accounts due the estate; and to the sale of certain personal property for an insufficient price. The referee, in substance, found that the amounts paid out by the defendant and expenses incurred by him were *bona fide* and just claims against the estate, the greater portion of which had not been allowed until he had consulted with and been advised by the plaintiff Henry Dray; that the claims of the estate against certain debtors were barred by the statute of limitations, while others were without merit and could not be enforced; that in the sale of the personal property the defendant had secured the best prices obtainable; and that he had acted in good faith and exercised such prudence and diligence as men ordinarily bestow upon their own affairs. The circuit court adopted these findings, which it says were supported by the weight of the testimony submitted to the referee, and also, in substance, found that the county court exercised its functions in the manner provided by law, without injury to any of the substantial rights of the plaintiffs; that the plaintiff, Henry Dray, and J. W. Dray were heirs and joint administrators of the estate of the said A. Dray, deceased, prior to the appointment of the defendant as administrator herein, and that said J. W. Dray, as such administrator, collected six hundred and ninety-six dollars and thirty-five cents on account of the said sale of land to C. M. Cartwright, and the remainder of the purchase price, to wit, the sum of five thousand three hundred and three dollars and sixty-five cents, was paid to the defendant, who duly accounted therefor.

A review of the record before us shows that the referee and trial court carefully examined the evidence, including the long accounts of the administrators, and

convinces us that the findings and conclusions reached by them are correct. The said real property of the estate having been sold by J. W. Dray while exercising his trust as administrator, and the purchaser having paid him six hundred and ninety-six dollars and thirty-five cents on account thereof, the latter was, on confirmation of the sale, entitled to a deed upon the payment of five thousand three hundred and three dollars and sixty-five cents. Because J. W. Dray misappropriated the six hundred and ninety-six dollars and thirty-five cents, the purchaser could not be required to repay it when the sale was confirmed, nor could the defendant be held liable therefor because he did not collect it. The record shows that the county court, on the settlement of J. W. Dray's account, found him in default to the estate in the sum of one thousand two hundred and six dollars and fifty-six cents, of which this six hundred and ninety-six dollars and thirty-five cents forms a part, and the plaintiffs insist that the defendant is liable, *first,* because he did not collect from C. M. Cartwright the amount paid to J. W. Dray; and, *second,* because he had not collected the one thousand two hundred and six dollars and fifty-six cents which J. W. Dray owed the estate, thus seeking to charge him twice for the same amount. The defendant having accounted for the property and money received was entitled to be discharged as administrator, and hence the decree is affirmed.

AFFIRMED.